STATE OF MINNESOTA *ex rel.* Andrew Railson *vs.* HUGH SANDERSON.

January 3, 1880.

**Papers for County Board—Delivery to Auditor in Recess.**—All papers which are to be submitted for the action of the board of county commissioners may, unless they are specially required to be brought to it while in session, be delivered, during a recess of the board, to the county auditor, and, when so delivered, are deemed submitted to the board for its action.

**Same—County Treasurer held to have failed to give New Bond.**—So where a county treasurer was required by the board of county commissioners to give a new bond, with sureties to be approved by it, and the board was not in session during any part of the ten days allowed him by statute, and he had the bond prepared and executed, ready for delivery, but kept it in his possession until the board met, the day after the ten days expired, and then tendered it to the board, *held,* that he had failed to give a new bond, within the meaning of the statute; for, though he could not deliver the bond to the board in session during the time, he might and ought to have delivered it to the county auditor as clerk of the board.

**Same—Effect of Failure to give New Bond.**—Upon a county treasurer fail-
ing for ten days to give a new bond, when required by the board of
county commissioners to do so, his office becomes *ipso facto* vacant, and
the commissioners may at once appoint another treasurer.

*Quo warranto*, to try the title of the respondent to the office
of county treasurer of Kandiyohi county, claimed by the re-
lator. The respondent answered, and testimony was taken
before a referee appointed by the court, the facts proved being
stated in the opinion.

*Geo. P. Wilson,* Attorney General, and *John W. Arctander,*
for the State and relator.

*Geo. L. & Chas. E. Otis* and *Strobeck & Plumley,* for re-
spondent.

GILFILLAN, C. J. The respondent was elected treasurer of
the county of Kandiyohi, in the fall of 1877, and qualified
and entered on the duties of his office. On September 8,
1878, the board of county commissioners passed a resolution,
reciting that it deemed the sureties in his bond to be insuffi-
cient, and requiring him to give a new bond, in the penal sum
of $20,000, with good and sufficient sureties, to be approved
by the board, a copy of which was then served on respondent.
The board then adjourned, and did not meet again until Sep-
tember 19th. The respondent prepared and had executed,
ready for delivery, a new bond, as required, but kept it in his
possession and did nothing further with it till the 19th, when,
the board being in session, he tendered it for approval. The
board refused to act on it, because more than ten days had
passed since it was required, and they declared the office
vacant, and appointed the relator to fill the vacancy. The
respondent continuing to hold possession of the office, and to
perform its duties, this action in the nature of *quo warranto* is
brought.

The statute governing the case is Gen. St. 1878, c. 8, §§
163, 164. Section 163 reads: "The county commissioners
may require the county treasurer to give a new bond, with
sureties to be approved by them, whenever, in the opinion of

a majority of said commissioners, the sureties, or any of them, on the original bond, are deemed insufficient for any cause." * * * Section 164 reads: "If any county treasurer fails or refuses to give such additional bond, for and during the time of ten days from and after the day on which said commissioners require said treasurer so to do, his office shall be considered vacant, and another treasurer shall be appointed," etc. Upon failure for ten days to give a new bond as required, the office becomes *ipso facto* vacant. No judicial determination is needed. The commissioners may—the statute intends they shall—proceed at once to appoint another treasurer.

The question in this case is, was there a failure, within the meaning of the statute? That means a failure through neglect of the treasurer, for which he is responsible. If the action of the commissioners should render it impossible for him to comply with what they have required, there would be no failure on his part. What respondent was required to do was to give the bond. The board was then to consider its sufficiency, and, if satisfied with it, to approve it. Had he given the bond within the time, he would not have been responsible for delay in approving it. Could he have given it within the time? He claims that he could not, for the reason that the board was not in session within the time. This assumes that he could give it only by delivering it to the board while in session.

On the part of the state it is claimed that he might and ought to have delivered it to the county auditor, and that such delivery would have been a compliance, so far as, during the recess, he could comply with what was required of him. This proposition we deem to be correct. The county auditor is *ex officio* clerk of the board, and custodian of its records, files and papers not required by law to be kept elsewhere. Gen. St. 1878, *c.* 8, § 138. When in his custody, such records, files and papers are, whether the board be in session or not, as much in its possession as the records, files and papers in the office of the clerk of a court are in its possession; and all

papers to be submitted for the action of the board are, unless specially required to be brought to it while in session, properly delivered to the auditor as such clerk, and, when so delivered, are submitted for its action. It is, then, the auditor's duty to call the attention of the board to them when it meets. This gave to the respondent the whole of the ten days allowed by statute, upon any one of which days he might have done what was required of him, whereas, if he could comply with the requirement only when the board was in session, he would have had, unless the board ought to have remained in session the entire ten days, only the day or days when the board met. The respondent not having done what he might and ought to have done to perfect his security, it was a failure, within the meaning of the statute. His office thereby became vacant, and the relator is entitled to the office.

Let judgment be entered accordingly.